Michael A. Barcott, ABA #7705005
HOLMES WEDDLE & BARCOTT, P.C.
3101 Western Avenue, Suite 500
Seattle, Washington 98121
Telephone:(206) 292-8008
Facsimile: (206) 340-0289
Email:     mbarcott@hwb-law.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PARADIGM MARINE, LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>MATSON NAVIGATION COMPANY OF ALASKA, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

### **I.    NATURE OF THE ACTION**

1.    This is an action for declaratory judgment arising under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.    This action seeks a judicial determination of the parties' respective rights and obligations under a written lease governing the use of a vessel terminal for oil spill response operations, towing, cargo handling, and other uses at the Women's Bay Terminal in Kodiak, Alaska ("Terminal").

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 1 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

3. Over the course of the Lease term, Defendant Matson Navigation Company of Alaska, LLC ("Matson") has periodically asserted that the operations of Paradigm Marine, LLC ("Paradigm") at the Women's Bay Terminal violated one or more provisions of the Lease, most recently in a letter dated December 29, 2025, charging that Paradigm, by allowing the United States Coast Guard to use the Terminal as a temporary base without Matson's consent violates the Lease and that Paradigm's movement of cargo also violates the Lease, and Matson has reserved the right to pursue lease termination and eviction, marking the first formal assertion by Matson that Paradigm's alleged conduct could justify termination or eviction under the Lease. A copy of the December 29, 2025 letter from Matson to Paradigm is attached hereto as Exhibit A.

4. Despite those disputed allegations, Matson has never terminated the Lease, commenced eviction proceedings, or obtained any judicial determination that Paradigm was in default.

5. Paradigm contends that the Coast Guard moorage and Paradigm's towing, cargo-related, and other activities are permitted uses under the Lease.

6. Alternatively, even if such activities were deemed to require Matson's consent, Paradigm contends that Matson has unreasonably withheld or conditioned consent in violation of the Lease and the Lease Amendment.

7. Matson's threatened termination or eviction based on Paradigm's operations has created an immediate, concrete, and justiciable controversy requiring judicial resolution.

8. Paradigm seeks declaratory relief to clarify the parties' respective rights and obligations under the Lease, prevent loss or forfeiture of its valuable

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 2 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00163-SLG    Document 1    Filed 04/17/26    Page 2 of 18

leasehold interests, and avoid irreparable disruption to ongoing safety and oil spill response operations.

## II.     PARTIES

9.     Plaintiff Paradigm Marine, LLC is a limited liability company organized under the laws of the State of Florida doing business in Alaska. The members of Plaintiff are Nickie and David Sutherlin, who are citizens of Alaska. Therefore, Paradigm is a citizen of Alaska for purposes of diversity jurisdiction. Paradigm operates marine response, salvage, towing, cargo handling, and related services throughout Alaska and maintains its primary Kodiak operations at the Women's Bay Terminal.

10.     Defendant Matson Navigation Company of Alaska, LLC is a limited liability company organized under the laws of the State of Delaware. It is a wholly owned subsidiary of Matson, Inc., which has its principal place of business in Hawaii. Matson is the landlord under the lease that is the subject of this action. Matson owns the Women's Bay Terminal in Kodiak, Alaska. Matson's role under the Lease is that of a passive landlord – Matson functions solely as the owner-lessor of the Premises and does not participate in, direct, or control Paradigm's operations, vessel towing, moorage, cargo handling, and service arrangements at the Terminal. Matson's current assertion of approval and control rights over Paradigm's operations is inconsistent with that passive landlord role.

## III.     JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 3 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00163-SLG    Document 1    Filed 04/17/26    Page 3 of 18

12.     This Court also has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as an actual, immediate, and justiciable controversy exists between the parties regarding their respective rights and obligations under the Lease.

13.     This action presents a ripe and immediate controversy because Matson has asserted that Paradigm is in default of the Lease and has reserved the right to terminate the Lease and seek eviction.

14.     Paradigm faces an imminent risk of loss or forfeiture of its rights under the Lease absent judicial clarification.

15.     Matson's refusal and delay have already disrupted Paradigm's ability to proceed with the Coast Guard moorage arrangement and threaten the loss or impairment of significant business and operational opportunity absent prompt judicial clarification.

16.     Venue is proper in the United States District Court for the District of Alaska, Anchorage, pursuant to 28 U.S.C. § 1391, because Matson conducts business in this District, the Lease governs property located in this District, the events and omissions giving rise to the claims occurred within this District, and because the Lease itself designates Anchorage, Alaska as the agreed venue for disputes, which under its terms is governed by Alaska law.

## IV.     FACTUAL ALLEGATIONS

### A.     The Women's Bay Terminal Lease

17.     On or about November 1, 2020, Paradigm and Matson entered into a written Lease Agreement under which Paradigm leases the Women's Bay

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 4 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Terminal in Kodiak, Alaska. A copy of the Lease with its amendment and extension ("Lease") is attached hereto as Exhibit B.

18. The Lease expressly permits Paradigm to use the premises as follows: "[t]he Premises may be used for Tenant's Oil Spill Response operations, Salvage and Marine Firefighting business, related to the prevention, control, containment and cleanup of oil or petroleum, including storage and maintenance of related equipment, supplies and devices, moorage and operation of related vessels and barges, training and exercises, coordinating response operations, and other activities related to such purposes. They further intend to dock vessels and barges related to their spill response and towing operations. From time to time those vessels will require repair or maintenance, which services may or may not be performed at the Terminal." § 5.1. These permitted uses expressly encompass towing-related vessel operations and related marine services.

19. The Lease further provides that Paradigm shall not use the premises for purposes outside those permitted uses without Matson's prior written consent, "[t]enant agrees to restrict its use to such purpose and not to use or permit the use of the Premises for any other purpose, except with Landlord's prior written consent." Lease § 5.1.

20. Where the Lease requires Matson's consent, it provides that such consent may not be unreasonably withheld, conditioned, or delayed. Lease §§ 5.2, 11.1.

21. The Lease amendment further confirms that where Matson's consent is required under the Lease, such consent may not be unreasonably conditioned,

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 5 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

delayed, or withheld, including with respect to Paradigm's continued tenancy and renewal rights. Lease amendment §§ 4–5 (amending Lease §§ 2.2.1 and 2.2.2).

22.     The Lease contains express notice-and-cure provisions governing alleged defaults, Lease § 19.1, limits Matson's remedies to those provided after notice and opportunity to cure, Lease §§ 19.1–19.2, and provides Paradigm with a covenant of quiet enjoyment so long as Paradigm is not in default. Lease § 20.

23.     In correspondence dated May 10, 2024, Matson expressly acknowledged that it "is a passive landlord in that it does not monitor Paradigm's activities at WBT" and "does not control or limit Paradigm's customers or business relationships." A copy of the May 10, 2024 Memorandum from Sara Fraser, Matson General Manager, Kodiak Operations, is attached hereto as Exhibit C. Matson's present attempt to condition or restrict Paradigm's Coast Guard relationships is inconsistent with that acknowledged role.

**B.     Coast Guard Operations and Lease Terms**

24.     The United States Coast Guard maintains statutory responsibility for marine safety, environmental protection, and oil spill prevention and response activities in and around Kodiak, Alaska, including operational readiness and emergency response in the Gulf of Alaska and surrounding waters. The United States Coast Guard serves as the federal lead agency for nearly all significant marine casualty and oil spill response operations in Alaska, including incidents in and around Kodiak, and routinely directs and coordinates multi-agency oil spill and other response efforts. The Coast Guard also administers the federal Oil Spill Liability Trust Fund, which finances and supports response and remediation activities in qualifying pollution events. Paradigm has a history of assisting the

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 6 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Coast Guard with marine casualties in Alaska and is customarily reimbursed by the federal Oil Spill Liability Trust Fund.

25. The Coast Guard issued a formal solicitation seeking pier space in Women's Bay "to ensure pier space is available in Women's Bay for Coast Guard Cutters stationed out of Base Kodiak" who were going to be "affected by a construction project to their permanent mooring" and identifying the need for moorage and necessary improvements to support those vessels on April 10, 2024.

26. In response to the Coast Guard's solicitation, Paradigm submitted proposals and engaged in negotiations with the Coast Guard concerning the use of the Women's Bay Terminal for cutter dockage, utilities, and support operations, including a draft temporary moorage lease identifying the CGC Alex Haley as a covered vessel.

27. Paradigm contemporaneously advised Matson of these discussions and provided Matson with copies of the draft Coast Guard moorage agreements as a courtesy and for informational purposes.

28. Upon learning of Paradigm's opportunity with the Coast Guard, Matson's prior cooperation and allowance of Paradigm's full use of the Terminal changed, as Matson began an effort to undermine Paradigm's operations and ability to fully utilize the Terminal through development of its relationship with the Coast Guard.

29. Matson later formally asserted that execution of a Coast Guard moorage lease would constitute a "change of use" under the Lease and require Matson's prior consent, and objected to the proposed Coast Guard use based on

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 7 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

concerns unrelated to the express terms of the Lease. See January 17, 2025 letter from Matson to Paradigm.  Exhibit D.

30.    In its January 17, 2025 correspondence, Matson stated that it "cannot provide its consent while this jurisdictional issue remains unresolved" and conditioned any consent on permitting the International Longshore and Warehouse Union ("ILWU") to perform certain work, including line handling and security, for the Coast Guard.

31.    The Coast Guard has expressly rejected Matson's position and objected to the delay caused by Matson's refusal to consent.

32.    In a letter dated January 30, 2025, the Coast Guard advised Matson that its objections "are delaying the Coast Guard's lease with Paradigm and delaying the work needed to prepare the moorage for the incoming Coast Guard assets," and that "[t]his work must begin immediately." See Letter from Commanding Officer T.K. Heffner, U.S. Coast Guard Civil Engineering Unit Juneau, to Michael B. Baylous, January 30, 2025, Exhibit E at 1.

33.    The Coast Guard further explained that "there are no potential positions that could be held by a member of the ILWU as a result of this work," and that the Coast Guard "has no obligation and no contractual agreement with the ILWU to have it perform work on the Coast Guard's behalf." Id.

34.    The Coast Guard also advised that much of the property at Women's Bay is federally owned or subject to federal permits and that interference with the Coast Guard's proposed use "jeopardizes the permit" under which Matson occupies portions of the site. Id., at 1–2.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 8 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00163-SLG    Document 1    Filed 04/17/26    Page 8 of 18

35.     The Coast Guard further confirmed that the pending moorage agreement and related staging are "consistent with current site operations." Id.

36.     Matson's objections and threats of default have delayed and impeded Paradigm's ability to finalize and perform Coast Guard moorage agreements, notwithstanding the Coast Guard's stated operational need for timely dockage to support national security, marine safety, and ice-capable operations in and around Alaska.

37.     This ongoing interference chilled Paradigm's ability to contract with the Coast Guard.

38.     Notwithstanding Matson's threats, on March 14, 2025, Paradigm entered into a written moorage agreement with the United States Coast Guard (the "Coast Guard Moorage Agreement") providing for a twelve-month base term, with three successive one-year option periods at the Government's election for the temporary moorage of Coast Guard vessels at barges spudded near the Women's Bay Terminal, together with associated utilities and limited facility improvements necessary to support those vessels. A copy of the Coast Guard Moorage Agreement is attached hereto as Exhibit F, see §§ 1–2.

39.     The Coast Guard Moorage Agreement provides that the Government seeks and is granted "uninterrupted and exclusive use of the moorage and dock space" at the Women's Bay Terminal for Coast Guard vessels supporting marine safety, environmental protection, operational readiness, and oil spill response missions. Id. § 1.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 9 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

40. The Coast Guard vessels are berthed next to a barge owned and controlled by Paradigm, which is spudded to the ocean floor under rights to the seabed granted to Paradigm by the Coast Guard. Paradigm retains possession and control of the Premises.

41. The agreement provides moorage by Coast Guard vessels while preserving Paradigm's continued use of the facility when not required for Coast Guard operations. Id. § 1(a).

42. The limited improvements contemplated in connection with the Coast Guard moorage – including fencing and electrical upgrades – were approved by Matson and are subject to removal at the end of the Lease term unless otherwise agreed, minimizing any impact on the Premises.

43. The Coast Guard Moorage Agreement further provides for substantial tenant improvements necessary to support Coast Guard operations, including electrical infrastructure upgrades, barge and moorage installation enhancements, water services, and fendering. These improvements were disclosed to Matson and are subject to removal or disposition consistent with the Lease at the end of the term. Id. §§ 2, 7, 15.

44. The activities contemplated by the Coast Guard Moorage Agreement are integrally related to, and fall squarely within, the categories of operations permitted under Section 5.1 of the Lease.

45. The Coast Guard Moorage Agreement further acknowledges the existence of a potential dispute concerning whether third-party consent is required for such use and expressly anticipates judicial resolution of that legal question. Coast Guard Moorage Agreement § 23. This provision confirms that the present

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 10 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

controversy is concrete, foreseeable, and intended to be resolved through declaratory relief.

46. By letter dated December 29, 2025, Matson asserted that Paradigm's execution of the Coast Guard Moorage Agreement and anticipated Coast Guard use of the Terminal would violate the Lease's use and improvement provisions, including Sections 5.1 and 11.1 of the Lease, and constitute a default thereunder. Exhibit A.

47. Until Matson's December 29, 2025 letter, Matson had never formally asserted that Paradigm's operations justified termination or eviction under the Lease.

48. Matson's contention that the Coast Guard Moorage Agreement constitutes a lease default represents a departure from its prior course of dealing and gives rise to the present, immediate controversy requiring judicial resolution.

49. Matson claimed that the Coast Guard's use of the Terminal falls outside the Lease's permitted use provisions and that Paradigm would be in default absent Matson's consent, notwithstanding the Lease's express authorization for oil spill response-related moorage and operations. Id. at 1–2.

50. In asserting that its consent was required, Matson failed and refused to grant consent on reasonable terms and instead conditioned any purported consent on requirements not set forth in the Lease, including extracontractual labor conditions and third-party arrangements unrelated to the Lease's permitted-use provisions.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 11 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

51. Matson's refusal to grant consent on reasonable terms, and its imposition of conditions unrelated to the Lease's permitted-use provisions were inconsistent and bore no reasonable relationship to the purposes of the Lease.

52. In addition, Matson unreasonably delayed any decision on Paradigm's consent request despite having received sufficient information regarding the contemplated Coast Guard moorage and related improvements.

53. Under the Lease, Matson was required to approve or disapprove proposed plans within a defined period, see Lease § 11.1; Lease Amendment §§ 4–5, yet Matson failed to do so for months, effectively withholding consent through inaction without a reasonable contractual basis.

54. Paradigm disputes Matson's interpretation of the Lease and contends that Coast Guard moorage and related activities fall squarely within the Lease's expressly permitted uses.

55. The Coast Guard moorage and services contemplated by the agreement do not involve "Cargo Handling Activity" as defined in the Lease. Section 3.3 provides that "Cargo is any freight for hire loaded onto or off of boats or barges," and further provides that "Cargo Handling Activity shall only apply to Tenant for use of Premises for activity not related to oil spill preparedness and response services as set forth more fully in Sec. 5.1." Lease § 3.3. The Coast Guard Moorage Agreement does not involve the loading or unloading of freight for hire and is directly related to oil spill preparedness and response operations, and therefore does not implicate tariff, wharfage, or labor requirements applicable to cargo operations.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 12 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

56. The Lease does not prohibit cargo operations at the Premises. Rather, it defines and regulates "Cargo Handling Activity" and expressly limits the application of that term where operations relate to oil spill preparedness and response. Lease § 3.3. The presence of a contractual framework for cargo handling confirms that such activity is not barred by the Lease.

57. Alternatively, Paradigm contends that even if Matson's consent were required, Matson has unreasonably withheld or conditioned consent in violation of the Lease, including Lease Sections 5.2 and 11.1.

58. Matson's refusal to grant consent on reasonable terms is inconsistent not only with the Lease, but also with the Lease Amendment's express reaffirmation that Matson's consent rights may not be unreasonably conditioned, delayed, or withheld. Lease Amendment §§ 4–5.

59. The parties' dispute is concrete, immediate, and affects Paradigm's ongoing operations, contractual obligations, and substantial investments at the Women's Bay Terminal.

60. Matson's objections and threats of default have delayed and impeded Paradigm's ability to finalize and perform Coast Guard moorage agreements, notwithstanding the Coast Guard's stated operational need for timely dockage to support national security, marine safety, and ice-capable operations in and around Alaska. Matson's objections and threats of default not only impede Paradigm's ability to negotiate and enter into future Coast Guard moorage agreements, but also cast doubt on and destabilize Paradigm's ability to perform and defend its existing and future contractual commitments and opportunities. This continuing cloud over Paradigm's leasehold and operational rights materially affects both

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

current and prospective Coast Guard operations and Paradigm's use and enjoyment of its rights under the Lease, all of which necessitates prompt judicial clarification.

61. This ongoing interference has chilled Paradigm's ability to contract with the Coast Guard and presents an immediate and continuing controversy requiring judicial resolution.

**C.      Cargo and other Paradigm Activities**

62. The Lease explicitly allows Paradigm to conduct towing and cargo operations at the Terminal in compliance with Matson's tariff.

63. Matson again asserted Paradigm's cargo operations were a violation of the Lease, see the December 29, 2025 letter from Matson to Paradigm, Exhibit A.

64. The Lease does not prohibit cargo operations at the Premises. Rather, it defines and regulates "Cargo Handling Activity" and expressly excludes the application of that term where operations relate to oil spill preparedness and response. Lease § 3.3. The presence of a contractual framework for cargo handling confirms that such activity is not barred by the Lease.

65. Alternatively, Paradigm contends that even if Matson's consent were required, Matson has unreasonably withheld or conditioned consent in violation of the Lease, including Lease Sections 5.2 and 11.1.

66. Matson's refusal to grant consent on reasonable terms is inconsistent not only with the Lease, but also with the Lease Amendment's express reaffirmation that Matson's consent rights may not be unreasonably conditioned, delayed, or withheld. Lease Amendment §§ 4–5.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 14 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00163-SLG      Document 1      Filed 04/17/26      Page 14 of 18

67. The parties' dispute is concrete, immediate, and affects Paradigm's ongoing operations, contractual obligations, and substantial investments at the Terminal.

68. Matson's objections and threats of default not only impede Paradigm's ability to negotiate and enter into future agreements with others, but also cast doubt on and destabilize Paradigm's ability to perform and defend its existing and future contractual commitments and opportunities. This continuing cloud over Paradigm's leasehold and operational rights materially affects both current and prospective operations and Paradigm's use and enjoyment of its rights under the Lease, all of which necessitates prompt judicial clarification.

69. This ongoing interference has chilled Paradigm's ability to contract with other parties and presents an immediate and continuing controversy requiring judicial resolution.

## V. CLAIM FOR DECLARATORY JUDGMENT

70. Paradigm realleges and incorporates by reference paragraphs 1 through 70 as though fully set forth herein.

71. An actual, immediate, and justiciable controversy exists between Paradigm and Matson concerning the interpretation and application of the Lease's use, consent, and default provisions.

72. The controversy presents questions of law suitable for resolution by the Court, including the proper construction of Lease Section 5.1 (permitted use), Lease Sections 5.2 and 11.1 as confirmed and reinforced by the April 1, 2022 First Amendment to Lease (consent standards), Lease Section 19 (default procedures), and Sections 1 and 23 of the Coast Guard Moorage Agreement.

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 15 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

73. Paradigm seeks a declaration that:

(a) Paradigm's execution and performance of the Coast Guard Moorage Agreement constitute a permitted use under Section 5.1 of the Lease as a matter of law; and

(b) Such use does not require Matson's consent under the Lease;

(c) Alternatively, if Matson's consent were required, the Lease imposes an objective reasonableness standard under Sections 5.2 and 11.1, and Matson has unreasonably withheld or conditioned consent;

(d) Paradigm is not in default under the Lease by reason of executing or performing the Coast Guard moorage agreement or allowing Coast Guard operations consistent with oil spill response and marine safety purposes;

(e) That the Coast Guard moorage and related services described herein do not constitute "Cargo Handling Activity" as defined in Section 3.3 of the Lease and therefore do not trigger tariff, wharfage, or labor provisions applicable to cargo operations; that Paradigm's past and future use of the Terminal do not violate the terms of the Lease, whether for cargo, towing, or other uses; and

(f) Matson may not terminate the Lease, declare a default, or seek eviction based on the conduct described herein.

74. Paradigm further seeks a declaration that the Lease, as amended, permits Paradigm to negotiate, enter into, and perform moorage and dockage agreements with the United States Coast Guard for cutter and ice-capable vessel operations at the Women's Bay Terminal, including agreements arising from the Coast Guard's 2024–2025 solicitations, without Matson's consent, or alternatively that Matson may not unreasonably withhold, condition, or delay consent to such

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 16 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00163-SLG    Document 1    Filed 04/17/26    Page 16 of 18

agreements based on objections unrelated to the express terms of the Lease, that Paradigm's past use of the Terminal is not a violation of the Lease; and the Court should further define and outline the allowable uses of the Terminal by Paradigm consistent with the Lease.

75. No declaration is sought against the United States, and complete relief may be afforded between Paradigm and Matson without the joinder of any additional parties.

76. A declaratory judgment will resolve the parties' dispute, clarify their contractual rights and obligations, prevent unnecessary forfeiture, and avoid multiple or inconsistent proceedings.

## VI. PRAYER FOR RELIEF

WHEREFORE, Paradigm respectfully requests that the Court enter judgment in its favor and grant the following relief:

1. A declaration that Paradigm's execution and performance of the United States Coast Guard moorage agreement constitutes a permitted use under the Lease;

2. A declaration that Matson's consent is not required for such use, or alternatively, that Matson has unreasonably withheld or conditioned consent in violation of the Lease;

3. A declaration that Paradigm is not in default under the Lease based on the conduct alleged by Matson;

4. A declaration that Matson is not entitled to terminate the Lease or seek eviction based on Paradigm's Coast Guard-related activities;

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 17 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

5. A declaration that the Lease does not prohibit towing or other cargo-related operations at the Premises and that the Coast Guard moorage arrangement at issue does not constitute "Cargo Handling Activity" within the meaning of Section 3.3;

6. A declaration that Matson's objections, threatened default positions, and consent rights may not be used to unreasonably interfere with or prevent Paradigm from entering into and performing present or future agreements consistent with the Lease.

7. An award of Paradigm's reasonable attorney's fees and costs to the extent provided by the Lease or otherwise recoverable under applicable law; and

8. Such other and further relief as the Court deems just and proper.

Respectfully submitted.

DATED this 17th day of April, 2026.

HOLMES WEDDLE & BARCOTT, P.C.

_/s/ Michael A. Barcott_
Michael A. Barcott, ABA #7705005
Attorney for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT
*Paradigm Marine, LLC v. Matson Navigation Company of Alaska, LLC*
Case No. _____ - Page 18 of 18

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289